**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

**YAKAR TECHNOLOGIES, LLC,**

**Plaintiff,**

**v.**

**SHENZHEN XIANGDANGWEN TECHNOLOGY CO.,LTD. AND WALMART INC.,**

**Defendant**

**Civil Action No. 2:25-cv-00665-JRG-RSP**

**JURY TRIAL DEMANDED**

## JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT PURSUANT TO PATENT RULE 4-3

Pursuant to Patent Rule 4-3 and the Court's Docket Control Order, Plaintiff Yakar Technologies, LLC and Defendant Shenzhen Xiangdangwen Technology Co., Ltd. submit this Joint Claim Construction and Prehearing Statement concerning U.S. Patent Nos. 9,845,058 (the "'058 patent"), 11,034,309 (the "'309 patent"), and 11,502,536 (the "'536 patent") (collectively, the "Asserted Patents"). Plaintiff's position is that the identified claim terms should be given their plain and ordinary meaning. Defendant's preliminary constructions and extrinsic evidence are identified below.

### I. Agreed Constructions

The parties agree that the following terms should be given their plain and ordinary meaning:

| Patent | Claim(s) | Term | Agreed Construction / Intrinsic Support |
|---|---|---|---|
| U.S. Patent No. 11,502,536 | 1 | "markings" | Plain and ordinary meaning. Intrinsic support: Fig. 1; col. 5, lines 3-10 and 30-37 (template sheet 110 with alignment marking/gridlines 112 used to align the template and strips). |
| U.S. Patent No. 11,502,536 | 12 | "removing the template" | Plain and ordinary meaning. Intrinsic support: col. 5, lines 18-24 (after the strips adhere to the device, the user peels off the template sheet 110); Figs. 4-5. |

## II. Disputed Terms

The parties identify the following disputed terms and positions. Plaintiff relies on the cited claim language, figures, and specification passages showing the terms used in their ordinary way. Plaintiff does not presently rely on extrinsic evidence. Defendant relies on the constructions and extrinsic evidence identified in its P.R. 4-2 disclosures, summarized below.

| Patent | Claim(s) | Term | Plaintiff's Proposed Construction / Supporting Intrinsic Evidence | Defendant's Proposed Construction / Extrinsic Evidence |
|---|---|---|---|---|
| U.S. Patent No. 9,845,058 | 1 | "ferromagnetic element" | Plain and ordinary meaning.<br><br>Intrinsic support: Fig. 15; col. 4, lines 63-64; col. 6, lines 2-6. The specification uses the term in the ordinary way to refer to a ferromagnetic plate/element associated with the electronic device and attracted by a magnet. | a component made of a material having high magnetic permeability and residual magnetism (e.g., iron, nickel, cobalt, or their alloys)<br><br>Defendant relies on dictionary definitions of "ferromagnetic" from Merriam-Webster and Cambridge, and the Oxford Dictionary of Physics definition of "magnetism," identified as LIS000001-LIS000007. |
| U.S. Patent No. 9,845,058 | 1 | "leg" / "leg extensions" | Plain and ordinary meaning.<br><br>Intrinsic support: Figs. 1, 2, 4, 9, 14, 17, and 18; col. 3, lines 15-47; col. 3, lines 30-34. The specification identifies legs 104 and leg extensions 104A/104B as structural support components of the mount body. | "leg": an elongated, narrow part that serves as a support or prop for an object.<br><br>"leg extensions": a section that attaches to and forms an additional portion of the leg, which, as one of a pair, is rotatable relative to the leg to project from the leg and form the support for the electronic device.<br><br>Defendant relies on dictionary definitions of "leg" from Merriam-Webster, Cambridge, and OED; "extension" from Merriam-Webster and Cambridge; and "leg-extension" from OED, identified as LIS000008-LIS000049. |

| Patent | Claim(s) | Term | Plaintiff's Proposed Construction / Supporting Intrinsic Evidence | Defendant's Proposed Construction / Extrinsic Evidence |
|---|---|---|---|---|
| U.S. Patent No. 9,845,058 | 1 | "rotatably mounted" | Plain and ordinary meaning.<br><br>Intrinsic support: Figs. 17 and 18; col. 3, lines 27-28. The patent describes legs 104 being rotatably mounted to the front plate so that they pivot about an axis. | attached or affixed in a manner that allows rotation<br><br>Defendant relies on dictionary definitions of "rotatably" from Merriam-Webster and OED, identified as LIS000050-LIS000052. |
| U.S. Patent No. 9,845,058 | 1 | "stored position" / "support position" | Plain and ordinary meaning.<br><br>Intrinsic support: Figs. 1, 2, 4, 9, 14, 17, 18, and 19; col. 3, lines 35-47. The patent describes the legs folded flush and substantially coplanar in the stored position, and extending substantially normal to the face plate in the support position. | "stored position": the position in which the leg is folded flush and substantially coplanar with the face plate.<br><br>"support position": the position in which the leg extends substantially normal (perpendicular) to the face plate, providing additional support to the electronic device.<br><br>Defendant identifies no specific extrinsic evidence in the chart for this term pair. |
| U.S. Patent No. 9,845,058 | 1 | "first position" / "second position" | Plain and ordinary meaning.<br><br>Intrinsic support: Figs. 1, 2, 4, 14, 17, 18, and 19; col. 1, line 62-col. 2, line 6; col. 6, lines 2-6. The claim language and specification use first and second positions in their ordinary relative sense to describe the positions between which the leg extensions rotate. | "first position": the position in which the leg extension is substantially coplanar with the face plate and adjacent the housing.<br><br>"second position": the position in which the leg extension is substantially perpendicular (normal) to the face plate, separated from the housing, and forms a support for the electronic device.<br><br>Defendant identifies no specific extrinsic evidence in the chart for this term pair. |

| Patent | Claim(s) | Term | Plaintiff's Proposed Construction / Supporting Intrinsic Evidence | Defendant's Proposed Construction / Extrinsic Evidence |
|---|---|---|---|---|
| U.S. Patent No. 9,845,058 | 1 | "support" | Plain and ordinary meaning.<br><br>Intrinsic support: Figs. 17 and 18; col. 6, lines 2-6. The patent describes foldable, extendible legs that may be moved from stored to supporting position to provide additional support to the electronic device. | a physical structure, formed by the pair of leg extensions, that directly contacts and bears the weight of the electronic device<br><br>Defendant identifies no specific extrinsic evidence in the chart for this term. |
| U.S. Patent No. 11,034,309 | 3 | "ferromagnetic element" | Plain and ordinary meaning.<br><br>Intrinsic support: Figs. 15 and 16; col. 1, lines 53-58; col. 5, lines 1-18; col. 5, lines 48-66. The specification uses the term in the ordinary way to describe a plate/element positioned on, within, or behind a cover of the electronic device and attracted by the mount magnet. | a component made of a material having high magnetic permeability and residual magnetism (e.g., iron, nickel, cobalt, or their alloys)<br><br>Defendant relies on dictionary definitions of "ferromagnetic" from Merriam-Webster and Cambridge, and the Oxford Dictionary of Physics definition of "magnetism," identified as LIS000001-LIS000007. |
| U.S. Patent No. 11,034,309 | 3 | "leg" / "leg extensions" | Plain and ordinary meaning.<br><br>Intrinsic support: Figs. 1, 2, 4, 9, 14, 17, and 18; col. 3, lines 17-37; col. 3, lines 51-54. The specification identifies legs 104 and individual leg extensions 104A/104B, and describes their position and movement relative to the mount body. | "leg": an elongated, narrow part that serves as a support or prop for an object.<br><br>"leg extensions": a section that attaches to and forms an additional portion of the leg, which, as one of a pair, is rotatable relative to the leg to project from the leg and form the support for the electronic device.<br><br>Defendant relies on dictionary definitions of "leg" from Merriam-Webster, Cambridge, and OED; "extension" from Merriam-Webster |

| Patent | Claim(s) | Term | Plaintiff's Proposed Construction / Supporting Intrinsic Evidence | Defendant's Proposed Construction / Extrinsic Evidence |
|---|---|---|---|---|
| | | | | and Cambridge; and "leg-extension" from OED, identified as LIS000008-LIS000049. |
| U.S. Patent No. 11,034,309 | 3 | "rotatably mounted" | Plain and ordinary meaning.<br><br>Intrinsic support: Figs. 17 and 18; col. 3, lines 30-33. The patent states that legs 104 are rotatably mounted to front plate 108 to pivot about axis 116. | attached or affixed in a manner that allows rotation<br><br>Defendant relies on dictionary definitions of "rotatably" from Merriam-Webster and OED, identified as LIS000050-LIS000052. |
| U.S. Patent No. 11,034,309 | 3 | "stored position" / "support position" | Plain and ordinary meaning.<br><br>Intrinsic support: Figs. 1, 2, 4, 9, 14, 17, 18, and 19; col. 3, lines 38-50. The patent states that individual legs fold flush into openings in the stored position and extend substantially normal to the face plate in the support position. | "stored position": the position in which the leg is folded flush and substantially coplanar with the face plate.<br><br>"support position": the position in which the leg extends substantially normal (perpendicular) to the face plate, providing additional support to the electronic device.<br><br>Defendant identifies no specific extrinsic evidence in the chart for this term pair. |
| U.S. Patent No. 11,034,309 | 3 | "directly support" | Plain and ordinary meaning.<br><br>Intrinsic support: Figs. 17 and 18; col. 5, lines 1-8; col. 5, lines 36-43; col. 5, lines 61-66. The specification describes legs 104 moved to supporting position and adjusted to support the electronic device in a desired position. | to support the device through immediate physical contact, without any intervening element<br><br>Defendant relies on dictionary definitions of "directly" from Merriam-Webster, OED, and Cambridge, identified as LIS000053-LIS000063. |

| Patent | Claim(s) | Term | Plaintiff's Proposed Construction / Supporting Intrinsic Evidence | Defendant's Proposed Construction / Extrinsic Evidence |
|---|---|---|---|---|
| U.S. Patent No. 11,034,309 | 3 | "first position" / "second position" | Plain and ordinary meaning.<br><br>Intrinsic support: Figs. 1, 2, 4, 14, 17, 18, and 19; col. 1, line 64-col. 2, line 7; col. 5, lines 36-43; col. 6, lines 39-43. The claim and specification use the positions in the ordinary way to describe the positions between which the leg extensions rotate to form a support. | "first position": the position in which the leg extension is substantially coplanar with the face plate and adjacent the housing.<br><br>"second position": the position in which the leg extension is substantially perpendicular (normal) to the face plate, separated from the housing, and forms a support for the electronic device.<br><br>Defendant identifies no specific extrinsic evidence in the chart for this term pair. |
| U.S. Patent No. 11,034,309 | 3 | "support" | Plain and ordinary meaning.<br><br>Intrinsic support: Figs. 17 and 18; col. 5, lines 1-8; col. 5, lines 36-43; col. 5, lines 61-66. The patent describes the legs as providing additional support to the electronic device and the leg extensions as forming a support for the electronic device. | Defendant did not separately state a proposed construction for this term in its P.R. 4-2 chart; to the extent Defendant continues to seek construction, Plaintiff understands Defendant to rely on its stated positions concerning "leg," "leg extensions," and related position terms.<br><br>Defendant identifies no specific extrinsic evidence in the chart for this term. |
| U.S. Patent No. 11,502,536 | 1, 12 | "ferromagnetic strip" | Plain and ordinary meaning.<br><br>Intrinsic support: Figs. 1, 2, 3, 4, 5, 8, 11, 12, and 13; col. 4, lines 40-54; col. 4, lines 61-67; col. 5, lines 26-28; col. 5, lines 47-55; col. 6, lines 55-64; col. 7, lines 17-23. The specification uses strips 102, 1102, 1202, and 1302 in the ordinary way as | a long, narrow (elongated) piece of ferromagnetic material, i.e., a material such as iron, nickel, or cobalt or their alloys, that has high magnetic permeability and appreciable residual magnetism and is thereby attracted to a magnet<br><br>Defendant relies on dictionary definitions of "ferromagnetic" from Merriam-Webster and Cambridge, the Oxford Dictionary of Physics definition of "magnetism," and dictionary definitions of "strip" from |

| Patent | Claim(s) | Term | Plaintiff's Proposed Construction / Supporting Intrinsic Evidence | Defendant's Proposed Construction / Extrinsic Evidence |
|---|---|---|---|---|
| | | | elongated ferromagnetic/steel strips. | Merriam-Webster, OED, and Cambridge, identified as LIS000001-LIS000007 and LIS000064-LIS000078. |
| U.S. Patent No. 11,502,536 | 1, 12 | "base sheet" | Plain and ordinary meaning.<br><br>Intrinsic support: Figs. 1, 2, and 3; col. 4, lines 55-67. The specification identifies base sheet 104 as the sheet to which strips 102 are mounted and describes the base sheet as including release liner 106 and template sheet 110. | a single, integrated sheet to which the at least one ferromagnetic strip is releasably affixed, the sheet being made up of both a template sheet and a release liner<br><br>Defendant identifies no specific extrinsic evidence in the chart for this term. |
| U.S. Patent No. 11,502,536 | 1 | "releasably affixed" | Plain and ordinary meaning.<br><br>Intrinsic support: Figs. 1 and 4; col. 1, lines 55-57; col. 4, lines 55-67; col. 5, lines 12-24. The specification describes strips affixed to the template sheet during production and later applied to the mobile device before the template sheet is peeled off. | physically fastened, attached, or stuck to the base sheet in a manner that allows it to be released or removed from the base sheet<br><br>Defendant relies on dictionary definitions of "releasably" from Merriam-Webster, "releasable" from OED and Collins, and "affix" from Merriam-Webster, OED, and Cambridge, identified as LIS000079-LIS000097. |
| U.S. Patent No. 11,502,536 | 1, 12 | "template sheet" | Plain and ordinary meaning.<br><br>Intrinsic support: Figs. 1, 3, and 4; col. 4, line 63-col. 5, line 2; col. 5, lines 3-10; col. 5, lines 12-24; col. 5, lines 30-43. The specification describes template sheet | the sheet that forms part of the base sheet and that bears the markings used for positioning the mounting template on the mobile device<br><br>Defendant identifies no specific extrinsic evidence in the chart for this term. |

| Patent | Claim(s) | Term | Plaintiff's Proposed Construction / Supporting Intrinsic Evidence | Defendant's Proposed Construction / Extrinsic Evidence |
|---|---|---|---|---|
| | | | 110 with alignment marking/gridlines 112 that is used to align strips 102 on the device. | |
| U.S. Patent No. 11,502,536 | 1, 12 | "release liner" | Plain and ordinary meaning.<br><br>Intrinsic support: Fig. 3; col. 5, lines 9-24; col. 4, lines 63-67. The specification describes release liner 106 as a protective film covering adhesive 108 and template sheet 110 until the template is ready for use. | a removable protective film or sheet, coated with a release agent, that covers and protects the adhesive until the template is to be used and that is peeled away before the strip is applied to the mobile device<br><br>Defendant identifies no specific extrinsic evidence in the chart for this term. |
| U.S. Patent No. 11,502,536 | 1 | "removably releasable from the template sheet" | Plain and ordinary meaning.<br><br>Intrinsic support: Figs. 4 and 5; col. 1, lines 50-62; col. 5, lines 18-24; col. 5, lines 30-43. The specification describes removing the release liner and then peeling off the template sheet after the strips are secured. | capable of being released and removed (peeled away) from the template sheet<br><br>Defendant relies on dictionary definitions of "removably" from Merriam-Webster and Cambridge, "removable" from OED and Collins, and "releasable" from OED and Collins, identified as LIS000081-LIS000085 and LIS000098-LIS00107. |
| U.S. Patent No. 11,502,536 | 12 | "removably attached thereto" | Plain and ordinary meaning.<br><br>Intrinsic support: Figs. 4 and 5; col. 5, lines 12-24; col. 5, lines 30-43. The specification uses the phrase in the ordinary way to describe the ferromagnetic strip being attached to the | fastened or connected to the template sheet in a manner that allows it to be removed<br><br>Defendant relies on dictionary definitions of "removably" from Merriam-Webster and Cambridge, and "removable" from OED and Collins, identified as LIS000098-LIS00107. |

| Patent | Claim(s) | Term | Plaintiff's Proposed Construction / Supporting Intrinsic Evidence | Defendant's Proposed Construction / Extrinsic Evidence |
|---|---|---|---|---|
| | | | template before being exposed and applied. | |

## III. Claim Construction Hearing

**A. Anticipated Length of Hearing** The parties anticipate that the Claim Construction Hearing will require approximately two hours, subject to modification after the parties narrow the issues through the claim construction briefing process.

**B. Witnesses** The parties do not presently anticipate calling live witnesses at the Claim Construction Hearing. Defendant has disclosed that it may rely on testimony from one or more expert witnesses, inventors, or prosecuting attorneys; Plaintiff reserves all rights to object to any such testimony and to identify responsive testimony or evidence if Defendant identifies a witness for the hearing.

**C. Other Prehearing Issues** The parties are not presently aware of any other issues that should be taken up at a prehearing conference before the Claim Construction Hearing. If disputes arise after briefing, the parties will meet and confer and promptly notify the Court.

## IV. Reservations

This Joint Statement is based on the parties' current disclosures and information available at this stage. Each party reserves all rights permitted by the Patent Rules and the Court's orders, including the right to respond to opposing claim construction positions, evidence, and arguments during claim construction briefing and at the Claim Construction Hearing.

Dated: July 15, 2026

Respectfully submitted,

*<u>/s/ William P. Ramey, III</u>*____________
William P. Ramey, III
Texas Bar No. 24027643
**Ramey LLP**
446 Heights Blvd., Suite 200
Houston, Texas 77007
(713) 426-3923
wramey@rameyfirm.com

*<u>/s/ Shaoyi Che (with permission)</u>*__________
Shaoyi Che
Tianqin Zhao
9355 John W. Elliott Dr, Ste 25555
Frisco, TX 75033
Telephone: (717) 44-3382
che@yzlaw.com
zhao@yzlaw.com

**Counsel for Defendant**
**Shenzhen Xiangdangwen Technology Co., Ltd.**

***Counsel for Plaintiff***
***Yakar Technologies, LLC***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 15, 2026, a true and correct copy of the forgoing has been forwarded to all counsel of record via CM/ECF filing in accordance with the Federal Rules of Civil Procedure:

*/s/ William P. Ramey, III*
William P. Ramey, III